**Kashmir SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 11–73078, 12–70606, 12–72528.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 23, 2014.*

Filed Oct. 1, 2014.

Bart Klein, Law Offices of Bart Klein, Seattle, WA, for Petitioner.

OIL, John M. McAdams, Jr., DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Kashmir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and of two BIA orders deny-

---

ing his two motions to reopen/reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and for abuse of discretion the BIA's denial of a motion to reopen or reconsider, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petitions for review.

With respect to the agency's denial of Singh's underlying claims for relief (petition No. 11–73078), Singh does not challenge the agency's adverse credibility determination. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived). Because the credibility finding is dispositive of Singh's asylum and withholding of removal claims, and because Singh's CAT claim is based on the same testimony found not credible and he does not point to any other evidence to support his CAT claim, we deny the petition for review as to these claims.

With respect to the BIA's January 26, 2012, order (petition No. 12–70606), the BIA did not abuse its discretion when it found Singh's polygraph evidence did not meet the requirements for a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1); *Goel v. Gonzales,* 490 F.3d 735, 738 (9th Cir. 2007) (per curiam) (evidence capable of being discovered prior to hearing cannot serve as basis for motion to reopen). We reject Singh's contention that *Goel* should be modified. Singh does not otherwise challenge the BIA's January 26, 2012, order.

Finally, with respect to the BIA's July 10, 2012, order (petition No. 12–72528), the BIA did not abuse its discretion in denying

Singh's motion, construed as a motion to reconsider, where Singh's motion did not establish any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1); *Goel,* 490 F.3d at 738.

**NO. 11–73078: PETITION FOR REVIEW DENIED.**

**NO. 12–70606: PETITION FOR REVIEW DENIED.**

**NO. 12–72528: PETITION FOR REVIEW DENIED.**